JOHN K. ERSKINE & another *vs.* CITY OF BOSTON.

Under the Rev. Sts. *c.* 25, § 6, a petition for a jury to assess damages caused by the alteia tion of a street in a city may be filed at any time within a year after the refusal of the mayor and aldermen to give damages, although the mayor and aldermen do not act upon the petition to them for more than six months after the completion of the alterations complained of.

PETITION filed in September 1857 in the superior court of Suffolk, for a jury to assess damages sustained by reason of changing the grade of Trenton and Meridian Streets in Boston. The acts complained of were done partly in the fall of 1854 and partly in the spring of 1855, and none later than that spring. On the 18th of February 1856 the petitioners presented their petition to the board of aldermen, praying for compensation for damages alleged to be done to their property; and on the 8th of December following that board determined that the petitioners had not sustained any damage, and refused to award them any compensation.

Upon these facts being proved, *Allen,* C. J. refused to rule that the petitioners were not entitled to recover any damages, by reason of the limitation prescribed in respect to the time of making application for a jury to assess damages; and instructed the jury " that the petitioners were entitled to recover a reasonable compensation for all damages sustained by them, by reason of so much of said raising as was done in the spring of 1855, and also for any raising which was done in the autumn

of 1854, if the same was done continuously, so as to be a part of the same act of raising said street, being commenced in the autumn, suspended in the winter, and completed in the spring of 1855." The jury found a verdict for the petitioners, and the respondents alleged exceptions.

*J. P. Healy*, (City Solicitor,) for the respondents. The change of grade was completed in the spring of 1855. The petition for a jury was filed in September 1857, more than two years afterwards. The Rev. Sts. *c.* 25, § 6, provide that damages in cases like this shall be ascertained " in like manner as they are to be ascertained in the case of laying out highways; " and in the case of laying out highways, application for a jury cannot be made after the expiration of one year from the time of location. *Russell* v. *New Bedford*, 5 Gray, 31. The words " in like manner" include the time, as well as the form of proceeding. *Call* v. *County Commissioners*, 2 Gray, 232. *Tyler* v. *Currier*, 10 Gray,      .

*A. A. Ranney*, for the petitioners, cited Rev. Sts. *c.* 24 ; *c.* 25, § 6 ; *St.* 1859, *c.* 67 ; *Brown* v. *Lowell*, 8 Met. 172 ; *Stone* v. *Boston*, 2 Met. 220 ; *Bowman* v. *Boston*, 5 Cush. 1 ; Ordinances of Boston of 1856, 501, 502.

SHAW, C. J. The decision of this case may be considered perhaps as influenced rather than decided by *St.* 1859, *c.* 67, because that act was passed after many of these proceedings were had. But it is believed that in no case was the law more stringent than it is made by the statute. In the first place it requires an application to the selectmen or mayor and aldermen, within one year after the completion of the work. It then makes it the duty of the selectmen or mayor and aldermen to act upon such claim, and either allow it or disallow it, within six months from the time when it is thus made. But of course the petitioner cannot be responsible that they will so act; though their failure to give any answer within six months may be regarded as a neglect or refusal, at his option, so as to enable him to pursue his other remedy by applying for a jury, which must be done by filing his petition for a jury before the proper tribunal within one year.

In looking at the facts in the present case the petitioners have, we think, seasonably made their complaint, and have not failed to comply with the directions of the law in this respect. The change of grade was effected by votes passed at a period somewhat anterior to 1855, at various times. But the whole work was completed before the spring of 1855, and a claim was made in February 1856, within one year, which was clearly seasonable, as the law then stood.

When, by one act, damage is to be recovered in the same manner as prescribed in another, the time of limitation is included. *Call* v. *County Commissioners*, 2 Gray, 232. Now, though it was the duty of the mayor and aldermen formally to decide on the petitioners' claim within six months, the petitioners are not to be affected by the failure of the mayor and aldermen to perform that duty; and when they did pass a vote in December 1856, the petitioners acquired a right to file their petition for a jury at any time within one year, and filed it at September term 1857, and the court are of opinion that they were barred by no limitation from doing so.

*Exceptions overruled.*